# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: October 14, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| R.P. and T.P., on behalf of their minor son, L.L.P., | *<br>*<br>* | UNPUBLISHED |
| Petitioners, | * | No. 20-544V |
| v. | * | |
| | * | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | *<br>* | Motion for Redaction. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

Michael Firestone, Marvin Firestone, MD, JD & Associates, San Mateo, CA, for Petitioners.
Ryan Nelson, U.S. Department of Justice, Washington, DC, for Respondent.

### ORDER GRANTING PETITIONER'S MOTION FOR REDACTION[1]

On September 10, 2025, Petitioners filed a motion to redact the undersigned's August 27, 2025 Ruling on Entitlement. Petitioners' Motion to Redact ("Pet. Mot."), filed Aug. 27, 2025 (ECF No. 157). For the following reasons, Petitioners' motion is **GRANTED**.

### I.   RELEVANT PROCEDURAL HISTORY

On May 1, 2020, R.P. and T.P. ("Petitioners"), on behalf of their minor son, L.L.P., filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioners alleged that L.L.P.

---

[1] Because this unpublished order contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Order will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Order are to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

suffered a Table Guillain-Barré Syndrome ("GBS") injury as a result of an influenza ("flu") vaccination administered on October 12, 2017. Petition at 1 (ECF No. 1).

On August 27, 2025, the undersigned issued a Ruling on Entitlement. Ruling on Entitlement dated Aug. 27, 2025 (ECF No. 155).

On September 10, 2025, Petitioners filed a motion to redact their names to initials in the August 27, 2025 Ruling on Entitlement and in the case caption. Pet. Mot. at 1. Petitioners request their names be redacted and replaced with their initials "to protect their minor child's (LLP) identity." Id. at 2. Petitioners argue that leaving their full names on the Ruling "will very likely be a conduit to inquisitive inquiry of [L.L.P.'s] medical history." Id. For support, Petitioners provided an affidavit. Pet. Exhibit ("Ex.") 123. Petitioners also ran a google search of their names which revealed personal information, including their address and family relations, as well as the school district. Id. at 1, attachs. 1-4. Given L.L.P.'s age is included in the Ruling on Entitlement, his name could then be determined from this information. Id. at 1. Additionally, R.P.'s and T.P.'s work renders their identities public, and by extension, is linked to L.L.P. Id. at 4; Pet. Ex. 123 at 2.

Lastly, Petitioners explain "L.L.P. is coming to the age of majority and has expressed an interest in military service and politics and as such has an imperative interest in controlling the dissemination of his medical history." Pet. Mot. at 4-5; see also Pet. Ex. 123 at 2. And not redacting Petitioners names could "potentially impact his options for military service, and/or constrain his political or professional viability in a wide variety of applications." Pet. Mot. at 5.

Petitioners also argue the balancing of public and private interests weighs in favor of redaction. Pet. Mot. at 5-8; Pet. Ex. 123 at 3. Petitioners concluded that redacting their names to their initials "will protect Petitioners' anonymity and L.L.P.'s private medical history while having no impact on the state's interest of increasing the public's awareness of vaccines and the medical conditions they may cause." Pet. Mot. at 8.

Respondent filed a response to Petitioner's motion on September 19, 2025. Respondent's Response to Pet. Mot. ("Resp. Response"), filed Sept. 19, 2025 (ECF No. 158). Respondent stated he "requests that the Special Master apply the controlling law outlined" in his response. Id. at 5. Respondent "defers to the sound discretion of the Special Master in evaluating the evidence submitted to determine whether redaction is appropriate in this case." Id. Petitioner did not file a reply.

This matter is now ripe for adjudication.

## II.   DISCUSSION

A motion for redaction is governed by section 12(d)(4)(B) of the Vaccine Act and Vaccine Rule 18. See § 12(d)(4)(B); Vaccine Rule 18(c). Section 12(d)(4)(B) provides that information concerning "medical files and similar files" may be redacted if its disclosure "would constitute a clearly unwarranted invasion of privacy." § 12(d)(4)(B). A motion to redact under Vaccine Rule 18 requires evidence demonstrating the decision contains information "that is a

2

trade secret or commercial or financial in substance and is privileged or confidential" or information "that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy. Vaccine Rule 18(b)-(c). Under this rule, "[e]vidence . . . includes, but is not limited to," "(A) documentation that the objecting party's career and/or employment would be adversely affected by the release of medical information contained within the decision; and/or (B) documentation that the objecting party's personal safety or well-being would be adversely affected by the release of medical information contained within the decision." Vaccine Rule 18(c)(1).

What constitutes a "clearly unwarranted invasion of privacy" requires balancing Petitioner's "right of privacy against the public purpose of the Vaccine Act." W.C. v. Sec'y of Health & Hum. Servs., 100 Fed. Cl. 440, 460 (2011), aff'd, 704 F.3d 1352 (Fed. Cir. 2013). While a petitioner has an interest in keeping sensitive medical or other embarrassing information private, the public has an interest in disclosure, so as to increase public awareness of vaccines and the medical conditions they may or may not cause. Id. at 461. In other words, sensitive information is often the subject of the litigation, and "in cases where sensitive information is the subject of the dispute, that information is routinely disclosed in decisions, to enable the reader to follow and understand the decision maker's rationale." Castagna v. Sec'y of Health & Hum. Servs., No. 99-411V, 2011 WL 4348135, at *13 (Fed. Cl. Spec. Mstr. Aug. 25, 2011).

Although the Vaccine Rules make mandatory the redaction of a minor's name, adult petitioner's names, which are not similarly protected automatically, may also be redacted if a petitioner establishes proper grounds for redaction. See R.V. v. Sec'y of Health & Hum. Servs., No. 08-504V, 2016 WL 3776888, at *2 (Fed. Cl. Spec. Mstr. May 10, 2016) ("[A] petitioner needs to make some showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call."). The undersigned will permit redaction in cases, such as this, where a specialized showing is made.

The facts and circumstances of this case warrant redaction of Petitioners' names to initials. Petitioners made an adequate showing for redaction. Petitioners explained L.L.P. has expressed an interest in military service and politics and thus has an interest in controlling the dissemination of his medical history. Petitioner has provided evidence showing a public search linking Petitioners' names to L.L.P., which could impact his impact his future career goals. Id.

The undersigned agrees and finds a redaction to Petitioners initials appropriate, reasonable, and warranted pursuant to the Vaccine Act and Vaccine Rule 18. This would protect L.L.P.'s private medical health information. **Accordingly, Petitioners' motion for redaction of their names to initials in the Ruling is GRANTED.**

Thus, the public version of the Ruling on Entitlement shall be redacted to include only Petitioners initials, R.P. and T.P. Moreover, the undersigned further directs the clerk to amend the case caption[3] to the following:

---

[3] If either party objects to the undersigned's redaction of the case caption, a motion requesting the undersigned to reconsider redaction of the case caption may be filed.

```
*  *  *  *  *  *  *  *  *  *  *  *  *   *
R.P. and T.P., on behalf of their minor   *
son, L.L.P.,                              *
                                          *
              Petitioners,                *
                                          *
v.                                        *
                                          *
SECRETARY OF HEALTH                       *
AND HUMAN SERVICES,                       *
                                          *
              Respondent.                 *
                                          *
*  *  *  *  *  *  *  *  *  *  *  *  *   *
```

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Special Master

4